**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| WEI WANG, an individual, | No. 83879-2-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| GARDEN RIDGE INVESTMENT, LLC, a limited liability company; SPRINGBROOK INVESTMENTS, LLC, a limited liability company; WASHINGTON HOTEL DEVELOPMENT, LP, a Washington limited partnership fka Marysville Home 2 Suites by Hilton, LP, a Washington limited partnership; WASHINGTON CONSULTANTS, LLC, a limited liability company; fka Home 2 Suites by Hilton Marysville, LLC, a limited liability company; WASHINGTON HOTEL AND RESTAURANT DEVELOPMENT, LLC, a limited liability company; RONGFANG CHAN, an individual, YI QIAO, an individual, GOLDEN MOMENTS RETIREMENT LIVING, LLC, a limited liability company and JOHN DOES I through X, | |
| Appellants. | |

MANN, J. — Garden Ridge Investment, LLC (Garden Ridge), challenges

the trial court's order granting partial summary judgment and foreclosure in favor

of Wei Wang. Garden Ridge contends that it raised genuine issues of material fact as to whether the guaranteed loan obligation was partially or fully satisfied, precluding summary judgment and foreclosure. We disagree and affirm.

I.

In June 2017, Wei Wang, a resident of China, loaned $3,000,000, at 10 percent interest, to Washington Hotel Development, LP (WHD), f/k/a Marysville Home 2 Suites by Hilton, LP, in connection with a hotel development project in Marysville, Washington. WHD executed a promissory note and loan agreement, providing for the payment of principal and interest on or before the date of the first anniversary of the loan. Rongfang Chan and Yi Qiao, as managers of WHD's general partner, signed the note and agreement on behalf of WHD. The note was secured by a deed of trust in favor of Wang that encumbered the Marysville property that was being developed.[1]

At WHD's request, about six months later, in December 2017, the parties amended the terms of the loan. The amended loan agreement allowed WHD to substitute the collateral for the loan. Instead of the Marysville property, the parties agreed that a property owned by Garden Ridge in Renton known as the "Springbrook Trout Farm," would provide security for the loan.[2] The amended loan agreement gave WHD the option to extend the payment due date for another year, until December 2019, but also provided that (1) a higher interest

---

[1] It appears to be undisputed that the deed of trust for the Marysville property was never recorded.

[2] At the time of the amended loan and guarantee agreements, Garden Ridge was co-owned by Chan and her former spouse, but after the spring of 2018, it was solely owned by Chan's former spouse.

2

rate would apply during the second year, (2) interest accrued during the first year would be due on June 7, 2018, the one-year loan anniversary date, and (3) monthly interest payments would be due after that date.

At the same time, Garden Ridge and WHD entered into a "Guarantor Service Agreement," in which Garden Ridge agreed to guarantee WHD's obligation to Wang under the amended loan agreement and promissory note. In accordance with the amended loan agreement, Garden Ridge agreed to execute a deed of trust encumbering the Springbrook Trout Farm to secure the obligation to Wang. In exchange, WHD agreed to pay $30,000 (one percent of the amount the loan) to Garden Ridge. Chan and Qiao also personally guaranteed that WHD would not default on its obligation and personally agreed to defend and indemnify Garden Ridge for all losses in the event of foreclosure of the deed of trust. Based on these agreements, the amended loan was secured by a new deed of trust in favor of Wang, encumbering the Springbrook Trout Farm property.

In October 2017, Wang issued a notice of default, alleging that WHD failed to pay accrued interest due on the June 2018 anniversary date of the loan or make subsequent monthly interest payments. Based on the default, and as authorized under the loan, Wang elected to accelerate the debt. Wang then sued Garden Ridge and other defendants, seeking to recover the debt due under the promissory note and loan agreements, and foreclosure of the deed of trust.[3]

---

[3] Wang filed a second amended complaint on December 10, 2018. The original complaint is not included in the record on review.

Wang's proceeding was stayed in 2019 pending resolution of a receivership action in Snohomish County involving WHD and other entities involved in the hotel development project.  In February 2022, after the receivership was resolved and dismissed, Wang moved for summary judgment against Garden Ridge, seeking judgment on the debt and foreclosure of the lien. In a supporting declaration, Wang stated that she had not received payment of the accrued interest due on June 8, 2018, or any subsequent monthly payments.

Garden Ridge opposed summary judgment, asserting unresolved factual issues as to whether the loan obligation was "assumed or paid" by another party and whether a settlement agreement between Wang and Qiao demonstrated "accord and satisfaction."  Garden Ridge provided the November 2020 court-approved revised receiver's final report in the Snohomish County matter, designating Wang's claim for more than $3,000,000 as "Unsecured," and including the receiver's "comment" that the claim was "Assumed by Buyer." Garden Ridge also attached a copy of the January 2020 "Settlement and Loan Modification" agreement between Wang, Qiao, and an entity called Ambleside Holdings USA, Inc., providing that, in exchange for certain concessions from Wang, Qiao and Ambleside would complete the hotel development project and endeavor to make future payments to Wang to satisfy the loan obligation.[4]  In addition, Garden Ridge supplied Chan's declaration, stating that she had "witnessed" on a social media platform "personal chats" between Wang and Qiao

---

[4] Those steps included an intent to form another entity, Ambleside Hotel Properties, LLC, the entity identified as the prevailing bidder in the receiver's final report.

discussing "payments made towards the debt to Wang by Qiao." Also, according to Chan, Qiao told her she paid one year's worth of interest to Wang and repaid 50 percent of the principal debt.

Wang submitted a supplemental declaration in reply confirming that, as of February 23, 2022, she had received no payments toward the note from Qiao or from "any other source which would be a credit" toward the loan. Wang added that "any payment which would apply to the loan balance will be applied in partial satisfaction of any judgment against Garden Ridge or any other judgment debtor." Wang also provided the declaration of Qiao, who stated there were "no payments made to Wei Wang either under the terms of the Settlement Agreement or otherwise by me, or any entity owned, managed, or controlled by me."

The trial court granted partial summary judgment for Wang, entered judgment against Garden Ridge on the note, and foreclosed the lien that encumbered the Springbrook Trout Farm. The trial court later entered an order and supplemental judgment awarding attorney fees and costs to Wang.

Garden Ridge appeals.

## II.

Garden Ridge claims that it proffered sufficient admissible facts to overcome Wang's motion for summary judgment. Garden Ridge claims there are "material issue[s] of fact that need[] to be resolved by a fact finder" based on (1) the comment in the revised receiver's report about assumption of debt to Wang and (2) Chan's declaration.

Summary judgment proceedings are governed by CR 56. A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." CR 56(c). "An issue of material fact is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Appellate courts review a summary judgment order de novo and perform the same inquiry as the trial court. Borton & Sons, Inc. v. Burbank Props., LLC, 196 Wn.2d 199, 205, 471 P.3d 871 (2020). We draw all inferences from the facts in favor of the nonmoving party, in this case Garden Ridge. Merceri v. Bank of N.Y. Mellon, 4 Wn. App. 2d 755, 759, 434 P.3d 84 (2018).

"In a summary judgment motion, the moving party bears the initial burden of showing the absence of an issue of material fact." Young v. Key Pharms., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). "Once the moving party has made such a showing, the burden shifts to the nonmoving party to set forth specific facts that rebut the moving party's contentions and show a genuine issue of material fact." Zonnebloem, LLC v. Blue Bay Holdings, LLC, 200 Wn. App. 178, 183, 401 P.3d 468 (2017). "The nonmoving party may not rely on speculation, argumentative assertions, 'or in having its affidavits considered at face value; for after the moving party submits adequate affidavits, the nonmoving party must set forth specific facts that sufficiently rebut the moving party's contentions and disclose that a genuine issue as to a material fact exists.'" Becker v. Wash. State Univ., 165 Wn. App. 235, 245-46, 266 P.3d 893 (2011)

6

(quoting <u>Seven Gables Corp. v. MGM/UA Ent. Co.</u>, 106 Wn.2d 1, 13, 721 P.2d 1 (1986)).

Even assuming that Garden Ridge produced evidence sufficient to show that the receivership buyer assumed WHD's debt to Wang, Garden Ridge fails to explain how that evidence is material to the issues of default and liability of Garden Ridge as a guarantor. <u>See</u> <u>Owen v. Burlington N. Santa Fe R.R. Co.</u>, 153 Wn.2d 780, 789, 108 P.3d 1220 (2005) ("A material fact is one that affects the outcome of the litigation."). Garden Ridge appears to equate assumption of the loan debt with satisfaction of that debt, but the evidence of assumption does not show that WHD, a successor to the borrower, or any other party, made payments to satisfy the loan.

Garden Ridge does not assert that it made any payments. In its response to the summary judgment motion, Garden Ridge acknowledged it had no information about the receivership buyer or whether Wang received any loan payments from any party. At the hearing on the motion, rather than identifying evidence of funds paid to Wang, Garden Ridge claimed that whether someone had "paid off Wang" was an issue to be "fleshed out" through further litigation. However, as the trial court pointed out, the case had been pending since 2018 and there was no motion for a continuance under CR 56(f) to allow for further discovery. And to defeat summary judgment, Garden Ridge had to produce admissible evidence to counter the evidence of default and liability under the amended loan agreement and note as a guarantor. Instead, Garden Ridge merely argued that relevant evidence might surface if the case could proceed to

trial. The receiver's comment about assumption of WHD's debt does not contradict Wang's testimony denying the receipt of payments due on the loan or Qiao's testimony denying having made any payments personally or through affiliated business entities.

Likewise, Chan's declaration does not provide admissible evidence contradicting the evidence that supports Wang's claim for relief. Chan admitted she had "no specific information as to what was actually paid" to Wang. She provided no evidence to support her claim about "personal chats" on social media or payments allegedly made by Qiao. And more importantly, Garden Ridge identifies no basis for the admission of the hearsay statements reported by Chan. See SentinelC3, Inc. v. Hunt, 181 Wn.2d 127, 141, 331 P.3d 40 (2014) (evidence submitted on summary judgment must be admissible).

Garden Ridge also asserts that it received no consideration for providing security for the loan. Thus, Garden Ridge contends that "issues remain" as to whether Wang could "legally foreclose" on the deed of trust without first paying the outstanding amount owed under its contract with WHD. This claim fails to defeat summary judgment for several reasons. First, Garden Ridge provides no citation to the record to support the factual assertion that it received no payment from WHD. Second, Garden Ridge fails to explain, and it is not apparent, why WHD's alleged breach of an agreement, to which Wang was not a party, would affect Wang's right to foreclose the lien as beneficiary of the deed of trust. And third, Garden Ridge arguably raises this issue for the first time on appeal. See RAP 2.5(a) (this court generally will not address claims of error not raised in the

8

trial court). Garden Ridge cited Chan's declaration and mentioned that it had not received payment under the guarantor contract during the argument on Wang's motion. But Chan's declaration does not mention this fact and Garden Ridge did not expressly rely on this claim to oppose Wang's summary judgment motion.

Even viewed in the light most favorable to Garden Ridge, Garden Ridge fails to establish that genuine issues of material fact precluded summary judgment.

III.

Garden Ridge also assigns error to the trial court's supplemental judgment for attorney fees. But its sole argument is that the court improperly granted summary judgment and therefore, erred in awarding fees and costs. Because we affirm the order granting summary judgment and foreclosure, we also affirm the supplemental judgment for fees and costs.

Wang requests attorney fees and costs on appeal. Reasonable attorney fees are recoverable on appeal if allowed by statute, rule, or contract, and the request is made under RAP 18.1(a). In re Guardianship of Wells, 150 Wn. App. 491, 503, 208 P.3d 1126 (2009). The promissory note, loan agreement, and amended loan agreement provide for an award of attorney fees to the prevailing party. We award Wang her attorney fees subject to compliance with RAP 18.1.

We affirm the superior court's order granting summary judgment and foreclosure and supplemental judgment for attorney fees and costs and award attorney fees on appeal.

_Mann, J._

WE CONCUR:

Díaz, J.

Mxon, J.